[Civ. No. 12553. Second Dist., Div. One. Oct. 1, 1941.]

MARIA McCORMICK, Appellant, v. RED ARROW BONDED MESSENGER CORPORATION (a Corporation) et al., Respondents.

90

Joseph L. Fainer and Paul Magasin for Appellant.

Schell & Delamer and Joseph H. Wheeler for Respondents.

DORAN, J.—In this action for personal injuries, the jury returned a verdict for defendants and plaintiff appeals.

Respondent Jackson, a messenger in the employ of respondent corporation, was riding a bicycle south on Broadway between Third and Fourth Streets in the city of Los Angeles. As he approached Fourth Street the traffic signal displayed the "stop" semaphore and a line of automobiles travelling south on Broadway had accordingly come to a stop. Jackson rode his bicycle between the automobiles and the west curb and at the same time plaintiff stepped from the curb to walk to the loading zone marked on the surface of the street for the accommodation of street car passengers. The collision resulted.

The bill of exceptions specifies first, that the evidence is insufficient to justify the verdict. Assuming that Jackson may have been guilty of negligence, the record on appeal reveals that, nevertheless, the jury might well have found from the evidence that the plaintiff was guilty of contributory negligence. In either case, the evidence would sustain the conclusion reached by the jury. Second, that the court erred by instructing the jury with regard to the duty of pedestrians at controlled intersections. It is contended by appellant in this connection that "this is not the law applicable to a pedestrian walking from the curb to a loading

zone.'' No instructions were requested by plaintiff on this point nor was any objection made at the trial when the instructions about which appellant now complains were given. It does not appear from the record that other and adequate instructions were not given, nor does it necessarily follow that the instructions now assailed were improper.

The appeal is without merit. The judgment is affirmed.

York, P. J., and White, J., concurred.